## ANDRESS v. LONGMIRE, Adm'r, &c.

1. After an appeal is taken by the defendant from the judgment of a justice of the peace, the justice has no authority, even before he returns the papers, to receive the amount he adjudged to the plaintiff; yet if he receives it and pays it to the plaintiff—the latter accepting it and directing the appeal to be returned, that he may recover the damages which the law gives in cases where the defendant's object was delay: by receiving the sum due on the judgment, the plaintiff must be held to have waved all right to the damages—these being recovered as a consequence of a subsisting debt or demand.

2. Although the appellate court has a discretion in a proper case, whether in an appeal from a justice of the peace, it will award the damages given for delay—yet if they are adjudged when they are under no circumstances recoverable, the judgment may for that cause be reversed on error.

Writ of Error to the Circuit Court of Monroe.

THE defendant in error recovered a judgment against the plaintiff before a justice of the peace, for $26 42, from which the latter appealed to the circuit court. A short time previous to the sitting of the court to which the appeal was returnable, the appellant paid the amount of the judgment to the justice, who at the same time claimed fifteen per cent. damages thereon, but the appellant refused to pay it. The day after the receipt of the money by the justice, he paid it over to the party for whose use the suit was brought, who received it, insisting upon his right to be paid the 15 per cent. and directed the appeal to be returned to the circuit court. The appellants prayed the court to charge the jury, that if they had paid the amount due the appellee to the justice, and the latter had paid it over as shown by the proof, then they (the jury) should find for the appellants. This charge was refused, and the jury were instructed, that if at the time of the payment by the justice of the peace to the appellee, he claimed the fifteen per cent. damages, then they should return a verdict for the appellee. To the charge refused, as well as that given, the plaintiffs in error excepted, and their exceptions are duly sealed and certified to this court.

LESLIE, for the plaintiff in error, insisted, that the debt having been paid, the fifteen per cent. damages were not recoverable, but if they were, the charge given could not be supported. [Clay's Dig. 315, § 13 ; 2 Porter Rep. 48.]

B. F. PORTER, for the defendant in error. The appellant cannot avoid the payment of fifteen per cent. damages, which the law imposes as a penalty for delay, by satisfying the judgment of the justice before the return of the appeal. But if the circuit court erred in giving damages, it was a matter of discretion, not revisable on error. [3 Dev. Rep. 468.]

COLLIER, C. J.—It is enacted by a statute of this State, that in all appeals taken in virtue thereof, from a justice of the peace, when it shall be made to appear to the court, that the appeal was taken merely for delay, the court shall award fifteen per cent. damages. [Clay's Dig. 315, § 13.] . After the appeal in the case before us was taken, the authority of the justice to receive the money he had adjudged to the plaintiff ceased, and the plaintiff himself could not have been compelled to accept it, unless he was also paid all costs that had accrued, as well as the damages which the court is directed to award, where the object of the appellant is delay. Yet if the judgment is satisfied, the appellee will not be allowed to proceed in the higher court merely for the purpose of recovering these damages, although he receives the money with a protestation that he will not yield them up, and insists upon the right to recover them. The damages are merely consequential, if allowed, they are to be calculated upon the amount of the judgment which the appellate court may render, and if the indebtedness is discharged by the reception by the creditor of his demand, then there is nothing upon which to rest a judgment for damages.

If the appeal had been returned to the circuit court and the money afterwards paid to the plaintiff, he would have been entitled to recover his costs up to that time, with the costs of a judgment disposing of the case. But such is not the situation of the present case. Here the money was paid by the defendant, and received by the plaintiff, while the papers were in the possession of the justice ; and up to this time he was entitled to recover all costs. But the acceptance of the money, we have seen, satisfied his demand ; notwithstanding which he directed the appeal to be returned, and attempted to prosecute his suit. His claim was extinguished before the case found its way to the circuit court—no judgment could there have been had by him—consequently he is not entitled to the costs of the circuit court.

True, in a proper case, it is a matter of discretion with the court, to which an appeal from the justice of the peace is taken, whether the statute damages will be awarded ; but if they are adjudged in a case in which they are not recoverable, it is a fatal error. The consequence of what we have

said, is, that the circuit court misapprehended the law—its judgment is therefore reversed, and the cause remanded, if desired.